# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| AARON BARNSHAW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 16-1355-JWL |
| NANCY A. BERRYHILL,[1] ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Acting Commissioner of Social Security (hereinafter Commissioner) denying Supplemental Security Income (SSI) benefits under sections 1602 and 1614(a)(3)(A) of the Social Security Act. 42 U.S.C. §§ 1381a, and 1382c(a)(3)(A) (hereinafter the Act). Finding no error in the Administrative Law Judge's (ALJ) decision, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING that decision.

**I.    Background**

---

[1]On Jan. 20, 2017, Nancy A. Berryhill became Acting Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Ms. Berryhill is substituted for Acting Commissioner Carolyn W. Colvin as the defendant. In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

Plaintiff applied for SSI benefits, alleging disability beginning September 22, 1994. (R. 10, 143). Plaintiff exhausted proceedings before the Commissioner, and now seeks judicial review of the final decision denying benefits. He argues that the ALJ erred in weighing the medical opinions of the state agency psychological consultants and of the psychologist who examined Plaintiff at the request of the agency.

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether she applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005); see also, Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record,

nor try the issues de novo, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988)). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability. 20 C.F.R. § 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether he has a severe impairment(s), and whether the severity of his impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner assesses claimant's residual functional capacity (RFC). 20 C.F.R. § 416.920(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining at step four whether, in light of the RFC assessed, claimant can perform his

past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (citing Lax, 489 F.3d at 1084). In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

## II. Discussion

Plaintiff points out that the state agency psychological consultants opined that Plaintiff would be most successful in an environment with direct supervision and limited social contact. (Pl. Br. 11) (citing R. 56, 72). He argues that while the ALJ limited the Plaintiff to occasional interaction with co-workers and the general public, he omitted any discussion of the need for direct supervision. Id. at 12. He argues, based upon Haga v. Astrue, 482 F.3d 1205, 1208 (10th Cir. 2007), that this is error because an ALJ must explain why he adopted some of an acceptable medical source's opinions but not others. Id. He argues that the need for direct supervision is supported by record evidence which was not properly discounted by the ALJ. Id. at 12-16. Plaintiff argues that among that record evidence is the opinion of Dr. Kovach who examined Plaintiff twice at the request of the agency, and the ALJ erroneously discounted her opinion. (Pl. Br. 13-15).

4

The Commissioner argues that the ALJ need not accept any medical opinion completely, even those she accords great weight, and that her discussion of the evidence reveals that she rejected the alleged need for direct supervision because she accepted conflicting evidence. (Comm'r Br. 4-5). She argues that the ALJ properly discounted Dr. Kovach's opinion and her reasons are supported by the record evidence. Id. at 6-8. And, she argues that the ALJ's decision is supported by the record evidence. Id. at 9-10.

In his Reply Brief Plaintiff argues that the court in Haga rejected the argument that the evidence discussed by the ALJ was sufficient to demonstrate that he had rejected a portion of the consultant's opinion. (Reply 2-4).

**A.     The ALJ's Decision**

As is always true in Social Security cases, the court's review must begin with the decision of the Commissioner, because the central question is whether the Commissioner applied the correct legal standard and whether the record evidence supports the Commissioner's decision. Lax, 489 F.3d at 1084. It is irrelevant that the evidence might also support a different decision. Id. (The court "may not displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo.").

Here, the ALJ discussed much opinion evidence. She discussed the opinions of two employers, according minimal weight to the opinion of the employer at the school district cafeteria (that Plaintiff had difficulty completing his job tasks) because the "job was at a high school in a noisy environment that could be distracting for most young

5

people." (R. 16). On the other hand, she accepted the opinion of Plaintiff's current employer that he was able to perform his job duties satisfactorily. Id.

The ALJ accorded little weight to Dr. Kovach's opinions because they were based on only two examinations and because they are inconsistent with the results of Dr. Kovach's examination which revealed IQ in the low average range and that Plaintiff did not exhibit significant abnormalities in mental functioning. Id. She also found Dr. Kovach's opinions inconsistent with Plaintiff's functioning at his current job, with his daily activities, and with the minimal amount of treatment for his impairments. Id. To the state agency psychological consultants' opinions, the ALJ accorded great weight because those opinions are consistent with Plaintiff's limited treatment, with the fact no treatment providers noted significant abnormalities in his functioning, with the fact he is able to work at least part time, and with the fact he engages is numerous daily activities. Id.

Finally, the ALJ found the opinions in Plaintiff's mother's report not credible because they are cumulative of Plaintiff's reports and for the same reasons she found Plaintiff's allegations of symptoms not credible. Id.

**B.    Analysis**

Plaintiff's argument fails primarily because it fails in its premise--that Plaintiff has a need for direct supervision. None of the opinions in the record state that Plaintiff requires direct supervision. The school district terminated Plaintiff within his probationary period (R. 315), and its records indicate he did not perform his job

satisfactorily because he did not move quickly enough, and had been reminded almost daily what to do and to do it in a timely manner.  Id. at 316, 317.  The record reveals that Plaintiff had a "job coach" and both the job coach and the supervisor reminded him daily what to do and to do it in a timely manner.  Id. at 321.  What this record suggests is that Plaintiff <u>did not respond</u> to relatively direct supervision, but it does not demonstrate that he <u>requires</u> such supervision.  Moreover, Plaintiff's current employer specifically stated that Plaintiff did not need special assistance or adaptations for his job, that he was able to stay on task without special supervision, and that they had not seen any issues with Plaintiff's relating appropriately with supervisors.  Id. 327.

  Plaintiff argues that Plaintiff's current employer reported that he occasionally needed to be reminded to go faster to keep up, and that this fact is inconsistent with the ALJ's suggestion that the employer found Plaintiff able to perform his job duties satisfactorily.  (Pl. Br. 13).  The court's review of the current employer's statements reveals that the ALJ's finding correctly summarized the employer's opinion that Plaintiff performed satisfactorily.  (R. 327).  The employer reported, "I have not seen any issues with personal relations," and "have not seen him upset or stressed."  (R. 327).  The only indications of problems were that Plaintiff was late for "a couple of shifts," but has had "very few" absence/tardy issues, and he misread the schedule at one point which "has been an issue with other employees in the past."  (R. 327).  Plaintiff's argument grasps at the employer's statement that Plaintiff needs to be reminded to go faster, but even that does not reflect the entire tenor of the employer's response.  The question at issue is "Was

7

he/she able to stay on task without special supervision?" (R. 327). The employer responded, "Yes, occasionally needs to be reminded to go a little faster to keep up with needs of the restaurant." (R. 327). In context, this response is consistent with the positive tenor of the entire questionnaire and does not contradict the ALJ's summary. It specifically contradicts Plaintiff's primary argument--that Plaintiff needs direct supervision.

The state agency psychological consultants, upon whom Plaintiff relies, did not opine that Plaintiff requires direct supervision. Rather, they opined that Plaintiff is capable of simple tasks. (R. 56. 72) (one specified "simple one-two step tasks" (R. 56)). And, they explained that he <u>may</u> perform such tasks "most successfully in an environment with direct supervision and limited social contact." <u>Id.</u> at 56, 72. Moreover, both consultants specified that Plaintiff was "not significantly limited" in his abilities to sustain an ordinary routine <u>without special supervision</u> (R. 55, 71), to ask simple questions or request assistance, and to accept instructions and respond appropriately to criticism from supervisors. (R. 55, 72). With regard to social contacts, however, each consultant opined that Plaintiff is "moderately limited" in the ability to interact appropriately with the general public (R. 55, 72), and one opined that he was also moderately limited in the ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes. (R. 55). On this record it was appropriate for the ALJ to understand the consultants to require only occasional interaction with co-workers and the general public, but not to require direct supervision. Plaintiff has not shown otherwise.

Finally, Dr. Kovach did not opine that Plaintiff needed direct supervision. In her first report she opined that Plaintiff "<u>would do best</u> within a supportive, predictable work environment with tasks that do not require social interaction or speed of performance." (R. 356) (emphasis added). In her second report, she opined that he "<u>would do best</u> with a supportive, patient supervisor" (R. 360) (emphasis added), and "within a supportive, predictable work environment with tasks that do not require social interaction or speed of performance." (R. 361). In general at least, the ALJ's findings fit within the framework of Dr. Kovach's opinion. Moreover, The ALJ accorded Dr. Kovach's opinion only little weight and provided six reasons for discounting her opinion.

Plaintiff argues that "[n]one of these reasons are sufficient to discount Dr. Kovach's opinion <u>regarding [Mr.] Barnshaw's need for a supportive environment with a supportive and patient supervisor</u>," especially since Dr. Kovach's opinion is consistent with the consultants' opinions. (Pl. Br. 15) (emphasis added). There are two problems, at least, with Plaintiff's argument. First, Dr. Kovach opined only that Plaintiff would do best with a supportive environment and with a supportive, patient supervisor, not that Plaintiff required such an environment or supervisor. She certainly did not opine that Plaintiff required direct supervision. And, while Dr. Kovach's opinion is not directly contrary to the consultants' opinions, as noted above Plaintiff has failed to demonstrate that the ALJ erred in evaluating the consultants' opinions. Moreover, Plaintiff does not argue error in the ALJ's reasons for discounting Dr. Kovach's opinion, only that the reasons are insufficient to discount this portion of the opinion. The ALJ has provided six

9

reasons for discounting Dr. Kovach's opinion, those reasons are supported by the record evidence, and more is not required. Plaintiff attempts to make much too fine a point regarding both Dr. Kovach's opinion and the ALJ's decision. Considering the facts as discussed above, he has not shown error in the ALJ's consideration or decision.

While it is true that the evidence is such that the ALJ could have viewed it in the manner Plaintiff argues he should have viewed it, the evidence does not compel that view. The court may not substitute its judgment for that of the Commissioner, Bowman, 511 F.3d at 1272; Hackett, 395 F.3d at 1172; Bowling, 36 F.3d at 434, and where there are two or more permissible views of the evidence, and the Commissioner has adopted one of those views, the court must affirm that view. Lax, 489 F.3d at 1084 (The court "may not displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo."); see also, Consolo v. Fed. Maritime Comm'n, 383 U.S. 607, 620 (1966).

The court's discussion above illustrates why the Haga decision does not compel a different result. As Plaintiff argues, the Haga court found error because that ALJ adopted some of the medical source's opinions and not other of the opinions but failed to explain why he treated the opinions differently. 482 F.3d at 1208. Here, Plaintiff has not demonstrated that the ALJ failed to adopt any of the state agency consultants' opinions, and the ALJ stated her reasons for discounting Dr. Kovach's opinion. There is no error as appeared in Haga.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's decision.

Dated this 25th day of August 2017, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**